

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ESTATE OF KIRKMAN O'NEAL, deceased; ) <br> ELIZABETH O'NEAL WHITE SHANNON, ) <br> EMMET O'NEAL, and EMMET O'NEAL, III, ) <br> Personal Representatives, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) | **ENTERED** <br> MAY 2 7 2004 <br><br><br> Civil Action No.: 94-PT-2493-S |

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

This cause came on to be heard at a bench trial on February 9, 2004. Remarkably, the "officers of the court," all of whom specialize in this area, have numerous disagreements as to both the factual and legal issues. All of these "officers" are cocksure of their positions, leaving only the court to be wrong. The court will attempt to pass through the maze created by the parties. *Sic Semper* our legal system.

There is one thing that this case helps prove. Inefficiency and excessive costs have become the hallmarks of our legal and judicial systems. Uncertainty in the law lends itself to a manipulation of the law. The gods or goddesses of Uncertainty, Manipulation, Inefficiency and Excessiveness have joined the goddess of Justice on the pedestal. This judge apologizes for his contribution to that gathering. The court will address the issues as numbered and lettered in

plaintiffs' "Taxpayers Post-Trial Submission" filed on April 15, 2004 as Item 1., Item 2., etc. at pages 2 through 56 and also the Schiff, Hardin & Waite Fees. All the issues relate to the deductibility of administrative expenses of the estate.

Issues

Item 1

$100,000.00 attorney fees of Cabaniss, Johnston, et al ("Cabaniss").

Not contested as to amount by U. S.

Court's ruling: $100,000.00 allowed as deduction.

Item 2

$59,702.26 attorney fees of Chamberlain, Hrdlicka

Not contested as to amount by U. S.

Court's ruling: $59,702.26 allowed as deduction.

Item 3

$3,977.35 attorney fees of Dominick, Fletcher

Not contested as to amount by U. S.

Court's ruling: $3,977.35 allowed as deduction.

Item 4

$597.25 attorney fees of Chamberlain, Hrdlicka

Contested by U. S.

Basis of contest: Not actually and necessarily incurred in administration of estate.

Court's ruling: $597.25 allowed as to amount subject to later overall ruling of court as to totality of fees based upon reasonableness of taxpayer's position, results obtained and other

standards applicable to fee award analyses.

Item 5-A

$1,041,650.30 attorney fees of Cabaniss.

Contested by U. S.

See later discussion.

Item 5-B

$210,000.00 attorney fees claimed by Cabaniss for appeal and trial on remand.

Contested by U. S.

Basis of contest: Claim is premature.

<u>Court's</u> <u>ruling</u>: The court agrees that the deduction is premature and likely baseless. It has been and continues to be the opinion of this court that the matters addressed by this court in its Memorandum Opinion filed on October 8, 2003 came as the result of an attempted "shell game" by the plaintiffs. This court is of the opinion that an appeal of those issues would be unreasonable. The court has been determined to be wrong before. At this stage, this court must be guided by its present strong opinion. The deduction is disallowed.

Item 6

$15,000.00 Attorney fees of Cabaniss for Alabama estate tax defense.

Contested by U. S.

Basis of contest: Excessive hours and hourly rate.

<u>Ruling</u> <u>of</u> <u>court</u>: The court allows a $7,500.00 deduction.

Item 7

$84,325.00 interest paid by estate on notes to O'Neal Steel, Inc.

Not contested by U. S.

<u>Ruling of court</u>: $84,325.00 allowed.

Item 7-B

$168,784.64 interest on note to O'Neal Steel, Inc.

Contested by U. S.

Basis for contest: (1) Borrowed to pay purported donees' claims and not actually and necessarily incurred. Not for benefit of estate but for benefit of heirs/donees. Estate was judgment proof; and (2) Donees' claims not timely filed.

<u>Ruling of court</u>: While this court is satisfied that the payments were primarily made to benefit the payees rather than the estate, it cannot determine, as a matter of law, that interest on loans incurred to pay claims against the estate is per se non-deductible under the standards set by *Marcus v. Dewitt*, 704 F.2d 1227 (11th Cir. 1983). The loans did arguably pertain to payment of estate debts. This court would be inclined to certify the timeliness of claim filing to the Supreme Court of Alabama. The recent tendency of that court, however, has been to reject certifications from district courts. Perhaps the appellate court will have better luck. The $168,784.64 deduction will be allowed.

Item 7-C

$358,372.38 interest paid to the Internal Revenue Service of the U. S. Both sides agree that it is deductible to the extent not refunded. The U. S. position is that the amount of the deduction depends on a final determination of deductible administrative expenses.

<u>Ruling of court</u>: This court will presently allow the deduction of $358,372.28 subject to

4

the final appeal determination.[1]

## Item 8

$72,243.08, $74,243.08 and $92,126.26 (totaling $240,612.42) claimed on interest on three notes from the estate to various testamentary trusts.

Contested by U. S. except for $36,676.00. Further, the U. S. does not contest the payment of deduction of interest from February 10, 2004 until final judgment in this action is entered.

Basis for contest of remainder: (1) Future interest not reasonably ascertainable because of fluctuating interest rates; and (2) 75.30% of borrowed funds were used to pay purported donees' claims and, thus, were not actually and necessarily incurred in the administration of the estate.

<u>Ruling of court</u>: Same reasoning as in Item 7-B. Deduction allowed in amount of $240,612.42

## Item 9

$16,050.00 in accountants' fees, including $14,000.00 estimated.

U. S. does not contest $6,050.00 of amount. U. S. contests $10,000.00 estimated for services with regard to this litigation.

Basis of contest: $10,000.00 not actually and necessarily incurred.

To be discussed later.

## Item 10

$3,312.50 bank fees

The U. S. does not contest this amount.

---

[1] If the amount changes because of other rulings of this court, the parties can so advise this court.

<u>Ruling</u> of <u>court</u>: $3,312.50 deduction allowed.

## Item 11

$5,489.43 claim at death of Kirkman O'Neal by Schiff, Hardin & Waite for tax advice. Contested by U. S.

Basis for contest: Amount claimed as deduction on fiduciary income tax return filed by the estate. The estate cannot be classified both as debt of estate and an administrative expense.

<u>Ruling</u> of <u>court</u>: This deduction will be disallowed.

## Further Discussion

The Government admits that there is no case law on the issue of whether funds from a potential tax refund may be considered as funds available to pay administrative expenses. The Government relies solely on Treas. Reg. § 20.2053-3(c)(1), 26 C.F.R. and Treas. Reg. § 20.2053-1(b)(3) which provide that administrative expenses are deductible which "will be paid." This court does not read these regulations as stringently as does the Government and holds that a potential refund may be considered as funds available to pay administrative expenses. The fact that this case may be appealed may bear on the amount but not the availability of a refund *vel non*. The amount of the refund can be determined after the appeal.

## Items 4, 5-A and 9

Although *Farrar v. Hobby*, 506 U.S. 103 (1992) is a 42 U.S.C. § 1988 case, it provides useful insight into what are reasonable and necessary attorney fees and litigation costs. The court stated, *inter alia*:

> ...Once civil rights litigation materially alters the legal relationship between the parties, "the degree of the plaintiff's overall success goes to the reasonableness" of a fee award under *Hensley v. Eckerhart*, 461 U. S. 424 (1983), *Garland, supra*, at

6

793. Indeed, "the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." *Hensley, supra*, at 436. Accord, *Marek v Chesny*, 473 U.S. 1, 11 (1985).

. . . .

We have already observed that if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley, supra*, at 436.

*Id.*, at 114.

Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness, *see Hensley*, 461 U.S., at 430, n. 3, or multiplying "the number of hours reasonably expended ...by a reasonable hourly rate," *id*, at 433.

In some circumstances, even a plaintiff who formally "prevails" under § 1988 should receive no attorney's fees at all.

. . . .

When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, see *Carey, supra*, at 256-257, 264, the only reasonable fee is usually no fee at all.

*Id.*, at 115.

Here, that was not even a "nominal" proof of issues pursued by plaintiffs which were decided by this court in its Memorandum Opinion filed on October 8, 2003.

Further, applicable principles were enunciated in *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994), where the court stated:

Ray argues that the district court failed to explain, in derogation of *Norman v. Housing Auth.*, 836 F.2d 1292, 1304 (11th Cir. 1988), which of the 800 hours were disallowed and why. *Norman* is one of a long line of decisions in this circuit applying the rule that when hours are disallowed the court should identify the hours disallowed and explain why they are disallowed. The instant case invades the application of *Norman*. Implicit in the *Norman* hour-by-hour rule is the assumption

7

> that a district judge can feasibly and expeditiously engage in such a precise review. Where fee documentation is voluminous, such as in the instant case, and hour-by-hour review is simply impractical and a waste of judicial resources. Hence, the instant case falls outside the *Norman* hour-by-hour rule. This court has not previously addressed the question of whether fee documentation can be so voluminous as to render an hour-by-hour review impractical. Other circuits have grappled with the question, and have almost uniformly held that where a fee application is voluminous, an hour-by-hour analysis of a fee request is not required.

(Footnote omitted) (Citations omitted).

With regard to the *Johnson v. Ga. Highway Express* factors relating to issues decided on October 8, 2003, this court decides the following:[2]

(1) The time and labor required after (insert date) was minimal if existent. This court adheres to its position that the plaintiffs' positions on the issues were akin to a "shell" game.

(2) The questions were novel and difficult only because they were bogus.

(3) The "skill" of the attorneys did not result in persuading this court of the validity of plaintiffs' positions.

(4) While the fees may arguably be "customary," they are not reasonable under the circumstances.

(5) Apparently the fees were fixed (at some point).

(6) The time limitations do not appear to be an issue.

(7) The amount involved and the results obtained. This is the key issue. The results obtained were non-existent. The reason that results are significant is that it is a measure of the reasonableness of the time expended. Time expended on obviously losing arguments is not necessary. It is counter-productive.

---

[2] As stated in *Farrar, supra*, this analysis may not be necessary.

(8) This court does not question the experience, reputation or ability of plaintiffs' attorneys.

(9) "Undesirability" is not an issue.

(10) The length of the relationship has been extended and cordial; and

(11) There is no real case to compare as to awards. Ms. O'Neal's estate case is somewhat related, but not comparable in this regard.

While the plaintiffs offered "expert" evidence on the attorney fees issue, it amounted to little more than an acceptance of the charged hours and fees and their multiplication. No consideration was given to the results obtained or the reasonableness of the positions taken. This court also references *Nagle v. Experian Information Solutions, Inc.*, 297 F.3d 1305 (11th Cir. 2002); *Cullens v. Georgia Dep't of Transportation*, 29 F.3d 1489 (11th Cir. 1994) and *Foster v. Board of School Commissioners of Mobile County, Alabama*, 810 F.2d 1021 (11th Cir. 1987).

The court will, pursuant to the suggestion in *Farrar*, disallow any and all attorney fees and litigation costs listed under Items 4, 5-A and 9 which relate to the matters decided by this court in its Memorandum Opinion and Order filed on October 8, 2003. Other deductions will be allowed as provided above. The court will, initially, consider the parties' suggestions as to the determination of the fees and costs to be disallowed under Items 4, 5-A and 9 as stated above. If there is not agreement, the court will make a final decision.

On or before June 10, 2004, both sides will submit a proposed final judgment consistent with the foregoing. The parties will accompany said submitted proposed judgments with a separate analysis of how the amounts due to be disallowed under Items 4, 5-A and 9 were calculated. The parties are <u>directed</u> to make said proposals in strict accordance with the court's

rulings without attempted circumvention. It is the court's intent to enter a final, appealable judgment. It is not too late for both sides to get reasonable and resolve this case.[3]

This the 27th day of May, 2004.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The court has not determined that the hours and rates charged for attorney fees under Item 5-A are reasonable, only that it cannot determine that the hours and rates are unreasonable. It is the clear intent of the court to exclude fees and costs related to the issues decided by this court on October 8, 2003. The court would assume that the plaintiffs' motion for summary judgment issue(s) can be appropriately decided as part of the final judgment. If further findings and conclusions on those issue(s) are needed, the parties can suggest them.