IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 JUN 29 PH 3:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

ESTATE OF KIRKMAN O'NEAL, deceased; )
ELIZABETH O'NEAL WHITE SHANNON, )
EMMET O'NEAL, and EMMET O'NEAL, III, )
Personal Representatives, )
)
Plaintiffs, )
)
v. ) Civil Action No.: 94-PT-2493-S
)
UNITED STATES OF AMERICA, )

ENTERED
JUN 29 2004

SUPPLEMENTAL
FINDINGS OF FACT AND
CONCLUSIONS OF LAW
TO THOSE FILED MAY 27, 2004

The parties not being able to agree, the court makes the following additional findings of fact and conclusions of law.

The $597.25 fees of Chamberlain, Hrdlicka, White and Williams are disallowed by agreement.

The main issue is the appropriateness of the attorney fees and expenses of the Cabaniss, Johnston law firm. The position of the United States is that $1,041,650.30 of said costs not heretofore decided by the court should be fully disallowed. The court's finding and conclusion is that $881,237.72 of said amount will be disallowed. It would not only be impracticable but impossible for the court to reasonably analyze every single entry of said charges. This court does not believe that it is required to do so. *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir.

1994) and *Farrur v. Hobby*, 506 U.S. 103 (1992). The court has fully considered the arguments and analyses of the parties. It is apparent that much of the problem in evaluating these fees and costs has been caused by the plaintiffs taking unreasonable positions. The plaintiffs have not proved by a preponderance of the evidence that more than $160,412.58 of said amount should be allowable.

$5,000.00 of the Deloite-Touche fees will be disallowed as unreasonable.

All other issues have been previously addressed and decided.

The court attaches hereto a draft of its final judgment based upon its total findings of fact and conclusions of law. The court will enter said judgment on July 15, 2004. On or before July 10, 2004, the parties will agree upon the amounts to be filled in the blanks. If the parties cannot agree, the court will obtain an expert to make calculations and assess the wrong party with the costs.[1]

---

[1] As this judge addressed this case, he was reminded of the following fable from the "Fantastic Fables" of noted author Ambrose Bierce:

A Hasty Settlement

"Your Honour," said an Attorney, rising, "what is the present status of this case-as far as it has gone?"

"I have given a judgment for the residuary legatee under the will," said the Court, "put the costs upon the contestants, decided all questions relating to fees and other charges; and, in short, the estate in litigation has been settled, with all controversies, disputes, misunderstandings, and differences of opinion thereunto appertaining."

"Ah, yes, I see," said the Attorney, thoughtfully, "we are making progress-we are getting on famously."

"Progress?" echoed the Judge–"progress? Why, sire, the matter is concluded!"

"Exactly, exactly; it had to be concluded in order to give relevancy to the motion that I am about to make. Your Honour, I move that the judgment of the Court be set aside and the case reopened."

This the 29th day of June, 2004.

_Robert B. Propst_
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

"Upon the ground," said the Attorney, "that after paying all fees and expenses of litigation and all charges against the estate there will still be something left."

"There may have been an error," said His Honour, thoughtfully–"the Court may have underestimated the value of the estate. The motion is taken under advisement."

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ESTATE OF KIRKMAN O'NEAL, deceased; )
ELIZABETH O'NEAL WHITE SHANNON, )
EMMET O'NEAL, and EMMET O'NEAL, III, )
Personal Representatives, )
)
    Plaintiffs, )
)
v. )   Civil Action No.: 94-PT-2493-S
)
UNITED STATES OF AMERICA, )

**FINAL JUDGMENT**

In accordance with the Memorandum Opinion entered on October 8, 2003, including the amendment thereto entered on October 10, 2003, granting the Motion of United States for Partial Summary Judgment, and the Findings of Fact and Conclusions of Law entered on May 27, 2004 after the issues regarding the deductions for certain additional administrative expenses were duly tried on February 9 and 10, 2004, and Supplemental Findings of Fact and Conclusions of Law filed contemporaneously herewith, it is **ORDERED, ADJUDGED** and **DECREED** that:

(1) The gross estate of the Estate of Kirkman O'Neal ("Mr. O'Neal's estate") is increased by the sum of $700,000.00 pursuant to Section 2035(b) of the Internal Revenue Code of 1986, as amended ("Code"), formerly Code § 2035(c), in order to reflect that Mr. O'Neal's separate funds were used to pay a portion of Mrs. O'Neal's 1987 gift taxes.

(2) Mr. O'Neal's estate is not allowed a deduction for any of the donees' gift tax claims

1

sought to be deducted by the plaintiffs under Code § 2053(a)(3).

(3). Mr. O'Neal's estate is not allowed a deduction for any claims of unpaid and uncollectible 1987 gift taxes, including penalties and interest, that are sought to be deducted by the plaintiffs under Code § 2053(a)(3).

(4). The adjusted taxable gifts and gift tax payable amounts reported on Mr. O'Neal's estate tax return totals $3,267,752.00 and $1,310,469.00, respectively, in order to reflect that the 1987 gifts of stock made by Mr. O'Neal in 1987 must be revalued for federal estate tax purposes pursuant to Code § 2001(b).

(5). Mr. O'Neal's taxable estate is increased by the sum of $55,743.00 in order to reflect that the deduction of Mr. O'Neal's share of the 1988 Alabama income tax liability under Code § 2053(a)(3), is limited to $38,054.00.

(6). With respect to the additional administrative expenses sought to be deducted by plaintiffs under Code § 2053(a)(2), deductions for such expenses are allowed or disallowed, as follows:

(a) $267,912.58 of attorneys' fees and costs of Cabaniss, Johnston, Gardner, Dumas & O'Neal, totaling $1,366,650.30, is allowed as a deduction, and the remaining amount of $1,098,737.72 is disallowed.

(b) $59,702.26 of attorneys' fees and costs of Chamberlain, Hrdlicka, White & Williams, totaling $60,299.52 is allowed as a deduction, and the remaining amount of $597.25 is disallowed.

(c) $3,977.35 of attorneys' fees and costs of Dominick, Fletcher, Yeilding, Wood & Lloyd, P.A. is allowed as a deduction.

2

(d) $11,050.00 of accountants' fees of Deloitte Touche, formerly Deloitte Haskins & Sells, totaling $16,050.00 is allowed as a deduction, and the remaining amount of $5,000.00 is disallowed.

(e) $3,312.50 of fiduciary fees of SouthTrust Bank, N.A. is allowed as a deduction.

(f) $84,325.16 of interest on the note of O'Neal Steel, Inc. dated May 5, 1992 is allowed as a deduction.

(g) $168,784.64 of interest on the note of O'Neal Steal, Inc. dated October 28, 1996 is allowed as a deduction.

(h) $120,306.21 of interest on the note to the Elizabeth P. O'Neal Testamentary Trust for the benefit of Emmet O'Neal, II dated March 20, 2001 is allowed as a deduction.

(i) $120,306.21 of interest on the note to the Elizabeth P. O'Neal Testamentary Trust for the benefit of Elizabeth Shannon is allowed as a deduction.

(j) $25,860.00 of assessed interest paid on the estate tax deficiency, totaling $358,372.38, is allowed as a deduction, and the remaining amount of $332,512.38 shall be recovered by Mr. O'Neal's estate as an overpayment of interest assessed and paid.

(7) Mr. O'Neal's estate shall be increased by the sum of $5,489.43 in order to reflect that the deduction for the attorneys' fees of Schiff Hardin & Waite, as a debt of the decedent, is disallowed.

(8) Taking into account the above adjustments listed in paragraphs (1) through (7), above, the federal estate tax liability of Mr. O'Neal's estate shall total $_____, resulting in an overpayment of federal estate taxes of $_____ and interest assessed and paid of $_____.

It is further **ORDERED, ADJUDGED** and **DECREED**, that Mr. O'Neal's estate shall be entitled to recover an overpayment of federal estate taxes of $_____ and interest assessed and paid of $_____, plus statutory interest thereon as is required by law; provided, however, that Mr. O'Neal's estate pays additional state death taxes of $14,714.00 and furnishes proof thereof to the government within sixty (60) days of entry of final judgment. To the extent that Mr. O'Neal's estate does not pay the additional state death taxes for fails to furnish the requisite proof of payment within the prescribed sixty (60) days, his estate shall be entitled to recover an overpayment of federal estate taxes of $_____ and interest assessed and paid of $_____, plus statutory interest thereon as is required by law.

**DONE** and **ORDERED** this the \_\_\_\_ day of _____, 2004.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**